GATES v. LOUNSBURY.

### Gates *against* Lounsbury.

IN ERROR, to the Common Pleas of *Madison* county. *Gates* brought an action of assault and battery, &c. against *William Lounsbury*, in the Court below. The declaration was for an assault and battery, in striking, beating, bruising, and wounding the plaintiff.

The defendant pleaded, 1. Not guilty. 2. A special plea in bar, as to the assaulting, beating, bruising, wounding, and ill treating the plaintiff, *actio non*, &c. for that the defendant, before and at the time, when, &c. was the servant of *James Lounsbury*, and had the care of keeping the colts and horses of the said *James*, and that the said *James*, at the time, when, &c. was lawfully possessed of a certain colt or horse, and that the plaintiff, just before the said time, when, &c. to wit, on, &c. unlawfully, and with force and arms, attempted to take away the said horse or colt; and, thereupon, the defendant then and there requested the plaintiff to desist therefrom, which he refused; whereupon, the defendant, at the request of the said *James*, in defence of the possession of the said horse or colt, quietly laid his hands upon the plaintiff, to prevent him, &c. which are the supposed trespasses in the declaration mentioned; concluding with a verification.

*Replication* to the second plea, that long before, and at the said time, when, &c. the plaintiff was lawfully possessed of a certain close, situate at, &c. in, &c.; and because the said horse or colt, mentioned before, and at the said time, when, &c. was wrongfully in the said close, eating and depasturing the grass of the plaintiff, there growing, and doing damage to the plaintiff, he, the plaintiff, at the said time, when, session, &c. The plaintiff *replied*, that the horse was wrongfully in his close, *damage feasant*, and he was leading him out of the close, towards a certain pound, *with intent to impound him, as a distress*, &c. as he lawfully might do; and thereupon the defendant, *de son tort*, committed the trespass, &c. The defendant *rejoined*, that the plaintiff was leading the horse towards the pound, with *intent* there to impound him as a *distress*, before he had made application to the fence-viewers of the town, to ascertain and appraise the damages, &c., as by the statute he was required to do, whereupon the plaintiff was a trespasser, *ab initio*, &c.: *Held*, that the *rejoinder* was bad, on demurrer.

---

When an act is lawfully done, it cannot be made unlawful *ab initio*; unless by some positive act incompatible with the exercise of the legal right to do the first act.

The mere *intention* of doing a subsequent illegal act, is not sufficient to render the first act unlawful.

Though a plea of *molliter manus imposuit* may justify a mere *assault*, it is no answer to a charge of beating, bruising, wounding, and ill treating the plaintiff.

As where, to an action for assaulting, beating, bruising, wounding, and ill treating the plaintiff, the defendant pleaded *molliter manus imposuit* on the plaintiff, to prevent him from taking the defendant's horse out of his possession, &c.

&c. seized the said horse or colt, in the said close, so doing damage, as a distress for the said damage, and was then and there leading the said horse or colt out of the said close towards a certain pound in the aforesaid town of, &c. *with intent to impound or keep the said horse or colt as a distress,* to obtain satisfaction for the damage done by him, as aforesaid ; and thereupon the defendant, at the said time, when, &c. of his own wrong, committed the said several trespasses, in manner and form as the plaintiff hath declared ; concluding with a prayer of judgment.

*Rejoinder.* That after taking the said horse or colt, as aforesaid, by the plaintiff, he, the plaintiff, was leading or driving away the said horse or colt, towards a certain pound, in the said town of, &c. *with intent there to impound him as a distress, before he had made application to the fenceviewers of said town, to ascertain and appraise the damages,* &c. as by the act relative to the duties and privileges of towns, he was required to do ; whereupon the plaintiff was a trespasser from the beginning ; concluding with a verification.

To this rejoinder, the plaintiff demurred, and the defendant joined in demurrer. The Court below gave judgment, that the rejoinder was good and sufficient, and a general judgment against the plaintiff for costs. On this judgment, a writ of error was brought to this Court ; and the cause was submitted to the Court without argument.

SPENCER, Ch. J. delivered the opinion of the Court.

We are of opinion, that the judgment of the Court below is erroneous in two respects. The rejoinder attempts to put in issue a fact not triable, the intent of the plaintiff to impound the horse in the pound of the town, or public pound, before application was made to the fence-viewers, to ascertain and appraise the damage. If that intent had actually existed, at the time of taking the horse, it was revocable. The plaintiff had a perfect right to change his intention at any time before the horse was actually placed in the public pound. The taking the horse, is admitted by the replication to have been lawful. The illegality of that act, depended on the subsequent conduct of the plaintiff, in

putting the horse in a public pound, before the damages
were appraised. (10 *Johns. Rep.* 258.) When an act is
legally done, it cannot be made illegal *ab initio*, unless by
some positive act, incompatible with the exercise of the legal
right to do the first act. (11 *Johns. Rep.* 241. 14 *Johns.
Rep.* 46.) The mere intention of doing a subsequent ille-
gal act, being, from its very nature, mutable, cannot be sub-
stituted for the act.

The plaintiff objects, as he has a right to do, to the de-
fendant's first fault in pleading. The second plea leaves
unanswered that part of the declaration which alleges, that
the defendant struck, beat, bruised, and wounded the plain-
tiff. It alleges, that the defendant gently laid his hands on
the plaintiff, to prevent his taking away the horse. The
case of *Gregory and Wife* v. *Hill*, (8 *Term Rep.* 299.) and
*Collins* v. *Renison*, (*Sayer*, 138.) are in point against the
plea. In the first case, the Court said, it was too plain for
argument, that though a plea of *molliter manus imposuit*
would justify an assault, it never was considered any an-
swer to a charge of beating, wounding, and knocking the
party down. The case of *Collins* v. *Renison*, is equally
strong. The judgment must be reversed, and a *venire de
novo* awarded, returnable to the Court below.

Judgment reversed.