#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF MERRIMACK, SEPTEMBER TERM,

## A. D. 1830.

---

### ANDREW GILMAN *versus* J. P. TILTON, et al.

Mere priority of occupancy of the flowing water of a river creates no right.
An adverse enjoyment of water in a stream, for any period less than twenty
years, is not alone sufficient to warrant the presumption of a grant.

CASE for erecting a dam across the Winnepissiogee river in Northfield, on the 1st May, 1824, and for continuing a dam across said river, higher and tighter than the defendants were entitled to do, and thus causing the water to flow back and obstruct the operation of the plaintiff's mill.

The cause was tried here, upon the general issue, at September term, 1829. The defendants relied upon two grounds of defence.

1st, That their dam and mills were first erected, and by that circumstance they had acquired a right to do all they had done.

2d, That they had kept and maintained a dam across the river in the same manner so long, with the knowledge and acquiescence of those who owned the plaintiff's mills, as to afford a reasonable ground to presume a grant of the privilege of so keeping it.

The court instructed the jury that the defendants, by being the first to erect a dam and mill, acquired no right to cause the water to flow back and obstruct the operation of a mill subsequently erected by the plaintiff upon his own land.

The court further instructed the jury, that the defendants had no right to cause the water to flow back beyond the limits of their own land, to the damage of the plaintiff, unless they had acquired such right by an uninterrupted use for twenty years ; and that, if they found the plaintiff had, with the knowledge of the defendants, and in defiance of their claim, in one instance during the twenty years, interrupted them in the exercise of such claim, such interruption would defeat any right the defendants might claim to have acquired by use for the twenty years.

The jury having returned a verdict in favor of the plaintiff, the defendants moved for a new trial, on the ground that the jury had been misdirected.

*Nesmith* and *Woodbury*, for the plaintiff.

*Stevens* and *Sullivan*, for the defendants.

RICHARDSON, C. J., for the court.

The defendants claim a new trial, because the jury were instructed that the defendants, by being the first to erect a dam and mill, acquired no right to cause the water to flow back and obstruct the operation of a mill subsequently erected by the plaintiffs, and the question is, whether mere priority of appropriation of running water can confer any exclusive right ?

In general, every man has a right to the use of the water flowing in a stream through his land ; and if any one divert the water from its natural channel, or throw it back, so as to deprive him of the use of it, the law will give him redress. But one man may acquire, by grant, a right to throw the water back upon the land of another, and long usage may be evidence of such a grant. It is however well settled, that a man acquires no such

right by merely being the first to make use of the water. 4 Mason, 401 ; 15 Johns. 213 ; 17 ditto, 320.

We are, therefore, of opinion, that the motion for a new trial cannot be sustained on this ground.

But it is contended, that there ought to be a new trial, because the jury were told that the defendants had no right to cause the water to flow back beyond the limits of their own land, to the prejudice of the plaintiff, unless they had acquired such right by uninterrupted usage for twenty years, and that, although there might have been a usage for twenty years, yet, if the plaintiff, in one instance, interrupted it within the time, such interruption would defeat any right claimed to be gained by such usage.

Some have held, that a term of twenty years of exclusive uninterrupted enjoyment of the use of water, in a particular manner, is a conclusive presumption of right, *presumptio juris et de jure.* 4 Mason, 402 ; 6 East, 215 ; 1 Camp. 463, *Balston* v. *Bensted* ; 2 Saund. 175, *a, b* ; 1 B. & P. 400, *Holcroft* v. *Heel.*

And there is no doubt, that the use of water, in a particular manner, for a less period than twenty years, and even an interrupted use, may be evidence of a right to be weighed among other evidence by a jury. 6 East, 215 ; 4 N. H. Rep. 14—15 ; 7 Wheaton, 109—110 ; 4 Starkie's Ev. 1216.

But it seems to be now settled, that adverse possession for a shorter period than twenty years, is not of itself a sufficient ground to sustain the presumption of a grant. It is evidence, but unless the circumstances attending it give it weight, it is not sufficient evidence. Phillip's Ev. 121 ; 4 Burr. 1963 ; 4 Starkie's Ev. 1216.

The weight, which usage in these cases is entitled to have, as evidence of a grant, depends much upon the circumstances which attend it. Suppose, in this case, the defendants had been accustomed, for fifteen years, to maintain a dam of a particular height, and in so doing had

constantly, during the whole time, greatly impeded the operation of the plaintiff's mill ; and further suppose, that the plaintiff, knowing all this, had made no complaint or objection, but quietly acquiesced in the doings of the defendants for the whole period. Now any one will at once see that such an acquiescence in the usage would give it very great weight as evidence, and render it in the highest degree probable that the defendants had a right to maintain the dam in that manner. And cases may be easily imagained, in which water might be thrown back upon the land of an individual for fifteen years, under circumstances that would render it very slight evidence of a grant. The owner of the land might not be apprized of the fact ; or so little damage might be done by the usage as not to attract his attention. And every one will perceive, that these circumstances would greatly diminish the weight which the usage might be entitled to have in establishing the existence of a grant.

As this case is stated, it seems that the defendants relied upon an uninterrupted usage for twenty years, as evidence of a right. The case states no circumstance that gives any particular weight to the usage. And such being the case, we think that the jury were rightly instructed, that nothing less than an uninterrupted usage for twenty years, could warrant them in finding a grant.