## French v. Marstin.

A grantee of a way is restricted to the route, and to the specific use set forth in his grant.

A plea that a party was passing *in his way to the place* where he was authorized to go by his grant, is a sufficient averment of a lawful use of his right.

The intention to go to the place alleged, implied in such pleading, is material and traversable.

The intent, though generally immaterial in actions of trespass, and therefore not traversable, may be traversed whenever it is material to the right in question.

Uninterrupted user of an easement on the land of another for more than twenty years, under a claim of right, while the owners are free of any disability, and seized of estates in fee in possession, is *primâ facie* evidence of a lost grant of such easement.

In pleading a title to such easement, it is sufficient to allege a grant by the former owner of the plaintiff's land to the former owner of the defendant's land, (without naming either,) by a deed which is lost, if there be nothing in the proof to confine the grant to any particular persons or period.

*Molliter manus imposuit* is no justification of an assault, beating *and wounding*.

TRESPASS, for an assault, battery and wounding. The second plea set forth that the defendant was possessed of a close, &c., (described.) The plaintiff with a strong hand, without license, and against the will of the defendant, broke and entered said close, and being requested to depart, refused; and the defendant thereupon *molliter manus imposuit* to remove him, and did gently remove him, *quae est eadem*, &c.

The second replication to this plea averred that the plaintiff was seized of two lots of land, &c., to wit: Lot No. 54, of one hundred acres, (described,) and a lot of one-fourth of an acre adjoining to it, and on the 27th of March, 1811, one N. P., then owner of the defendant's land, granted to J. P., then owner of said lot No. 54, and of said quarter acre lot, a way from the highway to said one-fourth acre lot through the land now of the defendant. The plaintiff was using his way, as he had a right to do, and the defendant of his own wrong committed the trespass complained of, &c. To this replication there was a rejoinder: That the plaintiff was passing over the defendant's close, and

French *v.* Marstin.

through said one-fourth acre, to lands beyond, to wit, to said lot No. 54, &c.

To this there was a demurrer.

The third replication to the second plea was, that the plaintiff was seized of two lots, &c., to wit: Lot No. 54, of 100 acres, and one-fourth of an acre adjoining; and on the 3d of April, 1811, by a deed between the owner of the defendant's land and the owner of the plaintiff's land, which is now lost, &c., the owner of the defendant's land granted to the owner of the plaintiff's land a way from the highway, &c., over the defendant's close to the plaintiff's close, &c., by virtue whereof the said plaintiff, being the owner of said land, and entitled to said way, entered the defendant's close, as he had a right to do, to go to his land; wherefore the defendant, of his own wrong, committed, &c.

To this there was a special demurrer, for the cause that the names of the grantor and grantee of the deed, supposed to be lost, are not stated.

*M. W. Tappan,* for the defendant.

1. By the second replication to the defendant's second plea, the plaintiff sets up a right of way to the *one-fourth acre of land* mentioned in the pleadings. This is all the right which, by this replication, the plaintiff claims, or shows he possesses; and by the deed of March 27, 1811, referred to, and which, it is agreed, shall constitute a part of this case, the only right of way that was ever granted to any person whatever, was a bridle road to the said *one-fourth of an acre*, reserved at the time said one-fourth of an acre was granted.

To this replication the defendant has rejoined, that at the time of the trespasses complained of, the plaintiff was passing into, over and across the defendant's close, and through the said one-fourth of an acre, to *other* lands of the plaintiff lying beyond the same, &c.

To which rejoinder the plaintiff has demurred.

The only question, as we understand it, raised by these plead-

VOL. XXIV.        29

French *v.* Marstin.

ings is, whether, having a right of way to the quarter of an acre only, the plaintiff has a right to use it to go to his other lands, to wit: Lot 54, and to the Brown lot and Sheafe lot, lying beyond said one-fourth of an acre.

"In replying to a right of way, the plaintiff either denies the right, or new assigns, *e. g.*, *extra viam*, or that the plaintiff has used the way in a different manner than that to which he was entitled." 2 Sel. N. P. 1254; 1 Ch. Pl. 569.

By the general demurrer the defendant admits that he was using the way to go to lands beyond the quarter acre, which is a misuser.

"A right of way can only be used according to the terms of the grant, or the occasion from which it arises, and must not exceed it. Therefore if a person has a right of way over another's close to a particular place, he cannot justify going beyond that place." Woolrych on Ways 34; 1 Co. Litt. (by Thomas,) 189. "So where one had a way for purposes of agriculture, it was held that he could not lawfully use it for carting lime." *Jackson* v. *Stacy*, Holt N. P. Ca. 455.

"The extent of the user of private ways is governed in some respects by the same rule which prevails upon the subject of highways, namely: *The terms of the grant* cannot be overstepped. So that if there be a grant in, through and along a particular way, it is not competent for the grantee to go across the land." *Senhouse* v. *Christian*, 1 D. & E. 560.

The principle is, that a *man cannot use his right of way beyond the terms of his grant*, and there are many authorities in support of this position. The defendant justified, by prescribing for a right of way to a certain close, but the plaintiff replied that the defendant had brought a load of hay which grew upon another close along the way; and this was held a sufficient answer; for if a man have a private way to a close, he must not enlarge it to other purposes. *Saunders* v. *Morse*, 1 Rolle's Ab. 391; *Lawton* v. *Ward*, 1 Lutw. 111, 114; *S. C.*, 1 L. R. 75; Woolrych on Ways 27.

So where in trespass it appeared that the defendant had a

right of way over the plaintiff's ground to another close, B., and that he not only used the way thus, but drove his beasts to a third close, lying still further off, it was said that when the defendant had driven his beasts to the close B., to which he had his way, he might drive them whither he would. But it was answered that the defendant might purchase a hundred or a thousand acres adjoining to the close B., and thus the plaintiff would lose the benefit of his land; and the court acceded to this argument, and gave their judgment for the plaintiff, thereby supporting the doctrine that a grant ought to be construed to the intent of its original creation, &c., &c. Woolrych on Ways 34; 3 Gr. Cruise Dig. 88.

The rule seems to be well settled by the authorities, that if a man have a right of way over another's land to a particular close, he cannot enlarge it and extend it to other closes. *Davenport* v. *Lampson*, 21 Pick. 74.

" The defendant having a right of way as appurtenant to the three acre lot, could not use it as a right to and from the nine acre lot, which lay beyond the three acre lot; and that throwing the whole into one close, by the removal of the fences, and using it as one entire close, and taking the hay from one and the other part indiscriminately, was in effect using it as a way to and from the nine acre lot, although the cart passed last from the three acre lot on to the plaintiff's close, and that such use of the plaintiff's land was *beyond the limit of the right* reserved, and not justified." Ib., 21 Pick. 74.

2. As to the defendant's special demurrer to the plaintiff's third replication, the plaintiff in this replication sets up a way *by non-existing grant*, but does not give the names of the parties to such grant, as he is required to do.

" In case of pleading a non-existing grant, the date and names of the parties to the deed must be shown; for when a right of common was pleaded in that manner, and the date and names of the persons as above were omitted, the court gave judgment against the plea on demurrer. It was said in argument in the last case, that if the experiment of pleading a deed without these

forms were to succeed, there would be no more pleas of prescription; that it would apply to rights of way as well as to rights of common, and that there would be no more occasion for pleas of a way of necessity, and that no question would thereafter arise as to unity of possession, or a release of the right. Woolrych on Ways 206; *Hendy* v. *Stevenson*, 10 East 55. See also 2 Ch. Pl., (3d Am. Ed.,) 470, (624,) and 3 Ch. Pl., (Ed. of 1847,) p. 1122, where the precedent of a plea of right of way by non-existing grant is laid down.

*Bellows* and *W. H. Bartlett*, for the plaintiff.

I. The non-existing grant is well pleaded in the third replication, without setting out the names of the grantors and grantees. If there had been such a grant the right would not be lost, though the deed were destroyed. 4 Cruise Dig. 105; Greenl. Ev. 409. And the fact that the plaintiff cannot state the names of the parties to the grant, does not affect the right, though at rigid law it might embarrass the proofs. It is now settled beyond question that a lost deed may be pleaded without profert. In coming to this result the court have abandoned the strict rules of the common law, and gone entirely on the grounds of equity. *Ex parte Greenway*, 6 Sum. Ves. 812, 813; *E. I. Co.* v. *Boddon*, 9 Sum. Ves. 466; *Bromley* v. *Holland*, 7 Sum. Ves. 19; 1 Fon. Eq. 15, 17, notes; *Tomlin* v. *Price*, 5 Sum. Ves. 288.

The court having started on equitable principles, and being warranted in proceeding at all only by those principles, will not be stayed from doing so by a mere formal rule, the non-observance of which can in no case work real injury, while to insist upon it, in a great class of cases would be productive of injustice, and would render useless the advantages for the attainment of which it has departed from the principles of the common law. The rule that the names of the parties to the grant must be set out, is merely technical, to promote precision in pleading. The law of profert was quite as firmly established, and for stronger reasons; yet an exception to that law was allowed under precisely these circumstances in *Reed* v. *Brookman*, 3 D. & E. 151.

And the reasons of that case apply here with additional force, for we seek a less objectionable exception; and unless it be allowed, the former exception of profert becomes often unavailing. We find the form of the third replication laid down as good pleading in the earlier editions of Chitty. 2 Ch. Pl. 575, Day's Ed. The only authority against it is *Hendy* v. *Stephenson*, 10 East 55. The objections there made are drawn from technical rules, or from fancied inconvenience; but none of them are satisfactory, for by this mode of pleading parties are in no way hindered from getting at the merits of the case; and if this be true, since we are on equitable ground, it is no objection that the pleading is not strictly technical.

Besides, these objections are founded in mistake. The defendant can traverse such a grant, either on said third day, or on any other day; and this puts the plaintiff on proof of such a grant, as he claims from an owner in fee of the servient tenement to the then owner of the dominant tenement. This traverse is as precise as the traverse of a prescriptive way, and a consideration of what it puts in issue answers most of the objections. If fraud or duress cannot be pleaded, as we think they may, they may be shown under a traverse of the grant, to avoid the deed.

2. The defendant may plead a release on any subsequent matter that defeats the grant, laying it on a day subsequent to that of the alleged grant; and if he proves one really subsequent, he must prevail, for he need not be tied down to a particular time.

3. The disadvantage in evidence is no more here than elsewhere, for parties are not bound ordinarily to the times stated; and deeds take effect, not from date, but from delivery. 4 Cruise Dig. 29; Greenl. Ev. 29, n. 1.

4. This form of pleading avers a right, and not a mere possession; so we need not fear an issue on mere possession.

5. The principle that the commencement of particular estates must be stated, does not apply. The reason of the rule given in *Scilly* v. *Dally*, Salk. 562, is, that the primitive estate of agree-

ment may be shown to be sufficient to create the particular estate. Here we allege a seizin in fee, and a sufficient grant. Besides, if the rule applies, the plaintiff ought to deduce his title, which is done in none of the precedents.

In deciding *Hendy* v. *Stephenson*, the court were somewhat inclined to doubt the authority of *Read* v. *Brookman*, a case since well settled. Moreover, *Hendy* v. *Stephenson* goes too far, for it seems to hold it essential to set out the *date* of the deed, which is contrary to all the modern precedents. 3 Ch. Pl., (11 Am. Ed.,) 1122, 1123. So far we have gone with the case of *Hendy* v. *Stephenson*, on the ground of *actual* grant.

But it is now well settled that a way acquired by adverse user is pleadable, as by non-existing grant. There are difficulties attending this mode of pleading, but it is too well settled to be questioned now; and on the weight of American authorities, twenty years adverse, uninterrupted user is conclusive evidence of a grant, unless some disability appears. 3 Cruise's Dig., (Greenl. Ed.,) 425, and notes; 3 Kent's Com. 441, 444, notes; *Tyler* v. *Wilkinson*, 4 Mason 402; *Sherwood* v. *Burr*, 4 Day 244; 3 Dane's Ab. 253, p. 17, &c.; 2 Greenl. Ev., p. 537, &c.; 1 Greenl. Ev., p. 17, and note; Angell Lim. 3, note 2; *Coolidge* v. *Larned*, 8 Pick. 504; *Sargent* v. *Ballard*, 9 Pick. 251.

In such cases the conclusion is one of law, and the possibility of an actual grant has nothing to do with the question; but the adverse user constitutes a bar analogous to the statute of limitations; so the reasons of *Hendy* v. *Stephenson* utterly fail here.

If this view be correct, the plaintiff is not presumed to know the supposed grantor's seizin as forming part of his claim of title, for he does not hold on any ground or presumption of an *actual grant*, but by reason of an actual bar. He has nothing to do with their seizin. If there was any disability, or any tenant in possession, it rests with the defendant to show it.

If, then, in this case, the plaintiff must set out the supposed grantor's seizin, this seizin is traversable; therefore he must search the defendant's title for twenty years, to find who was then seized—a fact peculiarly within the defendant's knowledge,

and which the plaintiff mistakes at his peril. Moreover, in this view the seizin of the supposed grantor is entirely immaterial, and the court, acting on the equitable rules of pleading lost grants that it has introduced, will not oblige the plaintiff, on mere ground of technicality, to set out an immaterial fact solely that the defendant may traverse it and defeat the plaintiff's right.

II. As to the rejoinder. From the prior pleadings it appears that the plaintiff had passed from the highway into the defendant's land, but had not gone through. The rejoinder admits that this was in his way going to the quarter acre. Its only averment is as follows: "Was passing into, over and across said close of," &c., &c., "and through the said one-fourth of an acre to other lands," &c., beyond. This must be either a departure from the plea, or an inartificial way of averring that the plaintiff had entered and was passing through the defendant's close, and intending to pass through the quarter acre. It admits that the plaintiff was going to the quarter acre, and indeed all the replication, and relies only on the intention of the plaintiff to go beyond, to meet the replication, thus tendering an issue on the plaintiff's *intention.*

1. We say it is bad, as tendering an issue on the plaintiff's intention. That is, to make his being on his way and going to the quarter acre tortious, it avers that he intended to do a subsequent act, namely, to go through the quarter acre, &c. Intentions are immaterial in trespass. 1 Ch. Pl., (11th Ed.,) 166. Intent is not generally traversable. Story's Pl. 42. This is precisely the case of *Gates* v. *Launsbury*, where it was held that the defendant could not allege an intention of the plaintiffs to do a subsequent act which would make the one the plaintiff was doing unlawful. *Gates* v. *Launsbury*, 20 Johns. 427. See *Lawrence* v. *Ocean Insurance Co.*, 11 Johns. 241, and *Fireman's Co.* v. *Lawrence*, 14 Johns. 46 ; on the ground that the intention, being mutable and defeasible, cannot be substituted for the act ; and the cases are all of an actual misuser.

2. It tenders an immaterial issue ; and the fact stated is no answer to the replication, for it admits that the plaintiff was

going to the quarter acre, and his going beyond was not *necessarily* unlawful. 3 Bac. Ab. 495, Tit., Highway; 3 Com. Dig. 58, Tit., Chimin, D. 5.

It should appear that he was going to lot 54, for the purposes of that lot. For aught that appears, he might be merely intending to go home another way ; and surely, his having a right of way across the defendant's land did not bind him to go back no other way. See *Heynsworth* v. *Bird*, 12 Vin. Ab. 258. We say further, that it should appear that he was using his way for such purposes of lot No. 54 as would make the way a greater burden to the defendant; for he might use his way for the purposes of the land beyond, provided it could do no injury to the defendant. For example, if he went to look after the fences of the quarter acre, he might also look after those of lot 54 ; for it makes the use of his way no different from what it would have been if he had only gone to look after the quarter acre. This case differs from *Davenport* v. *Lampson*, 21 Pick. 72. There, was an actual misuser. Besides, the carrying the produce of the nine acre lot over the way belonging to the three acre lot must make a greater use of the defendant's land than was warranted by the grant, for the produce would be more. See *Brackett* v. *Whidden*, 3 N. H. Rep. 20.

In short, we say if the defendant wishes to take the ground that the plaintiff's acts were not covered by his right of way, he should make in some form a question for the jury, whether the plaintiff was using his way substantially according to his right— a question which cannot be made on this pleading.

III. The demurrer calls into question the entire proceedings. The declaration is for assaulting, beating and *wounding*, &c. The plea replies *molliter manus imposuit* to remove the defendant from plaintiff's close. *Wounding* cannot be justified under a *molliter manus.* 1 Stor. Pl. 535, 584 and 90 ; *Gates* v. *Launsbury*, 20 Johns. 427 ; *Krager* v. *Osborn*, 7 Blackf. 724, (7 U. S. D. 49, 61) ; 3 Ch. Pl. 1073, a, note (b,) and 1067, note 3 and 1086 ; 1 Wms. Saund. 296, and note ; *Botts* v. *Pinkerton*, 7 Dana 453, (4 U. S. Dig. 153, 154); *Ford* v. *Logan*, 2 Marsh

French *v.* Marstin.

325; *McIlvray* v. *Cochran*, 2 Marsh 276, (1 U. S. Dig. 240, 19 and 20.)

If the defendant relied on forcible resistance, he should have replied. 3 Chitty, *ubi sup.*

BELL, J. No question is made that the grantee of a way is limited to use his way for the purposes and in the manner specified in his grant. He cannot go out of the limits of his way, nor use it to go to any other place than that described, nor to that place for any other purpose than that specified, if the use in this respect is restricted. The grantor has the right to limit his grant in any way he chooses, and the grantee takes the way, subject to all the restrictions the grantor has imposed, and cannot go beyond them without becoming a trespasser. Woolrych on Ways 33, 50, 259, &c.; *Senhouse* v. *Christian*, 1 D. & E. 560; *Bullard* v. *Harrison*, 4 M. & S. 387; *Taylor* v. *Whitehead*, 2 Doug. 475; *Hodden* v. *Holman*, 1 Rolle's Ab. 391; 3 Cruise Dig. 103; *Jackson* v. *Storey*, Holt 455.

The question first raised in this case is, whether the defendant has alleged in sufficient and legal form the fact that the plaintiff was using, or rather abusing the privilege he had, in order to pass to other lands than those to which he was authorized to go by his grant. The plaintiff sets forth a grant of a right of way from the highway to a quarter acre lot described, and that he was going across the defendant's land in this way, and not out of it, to go to that quarter acre. The defendant admits the right of way claimed to the quarter acre, and that the plaintiff was passing across his land *in* his way, and *to* the quarter acre; but he alleges that the plaintiff, at the time, &c., " was passing into, over and across the said close (of the defendant,) and through said one-fourth of an acre, to other lands of (the plaintiff) lying farther than, and beyond the said one-fourth of an acre, known," &c. The objection of the plaintiff to this plea is, that it is but an imperfect way of stating that *he was intending* to go to lands beyond the quarter acre, and that such intention is not issuable.

It is generally true that in actions of trespass the intention

with which a wrong is committed is not material; and it is also true, as was held in *Gates* v. *Launsbury*, 20 Johns. 427, that where the law gives a license to do a particular act, an intention afterwards to abuse the license will not make the party a trespasser *ab initio*. But it is not true that the intent of a party is not issuable. On the contrary, wherever the intent is material, it is traversable like every other fact; and there are a great many cases where the character of an act depends entirely upon the motive. Whatever is material to the right asserted, and necessary to be proved, must be alleged in the plea by which the party would avail himself of that right; and whatever is necessary to constitute an act a wrong, and is therefore necessary to be proved, must also be alleged in pleading; not always, indeed, in direct terms, but in some substantial manner. 1 Ch. Pl. 377; 2 Ch. Pl. 242, n. s; 1 Saund. Pl. & Ev. 343; 1 Wms. Saund. 242, n. 2; Arch. Civ. Pl. 205; 1 Salk. 196; *Griffith* v. *Harrison*, 8 Met. 377; *Jones* v. *Howland*, 3 Ph. Ev. 333; 1 St. N. P. 542, &c.

In this case the intent is, by the nature of the controversy, material. The plaintiff alleges his way, and then asserts that he was passing along his way *to his quarter acre lot*. The intent and purpose to go to his lot is the very essence of his justification, and a plea would be defective without it. So the defendant alleges in his rejoinder that the plaintiff was passing over this way to lands he had beyond the three acres; that is, he was passing along the way with the intent and purpose of going to other lands to which he had no right to pass by this way. This makes the intent, as the plaintiff suggests, material. It is necessary to be alleged, and if disputed, to be proved. It is an issuable fact, because it is material. But though it would be true, if the intent were directly alleged, that it might be traversed and tried, yet that is not this case. The fact here alleged is not the intent merely, and it does not necessarily stand on the same ground that it would do if the bare intent was alleged; as if the defendant had rejoined that the plaintiff, at the time when, &c., and when he was in said way to said quarter

acre lot, did intend to go through and beyond said quarter acre lot to other lands, &c. Upon such pleading the question might arise, as it did in *Gates* v. *Launsbury,* whether a purpose and intention existing in the mind, *not acted upon,* mutable in its nature, and which might never be carried into effect, could render an act, lawful in itself, unlawful. And it seems probable that in such a case the court would feel compelled to follow the case of *Gates* v. *Launsbury.* The rejoinder here does not allege a mere unexecuted purpose and design. It alleges that the party was passing to the land beyond; that is, that the plaintiff was then carrying his intention into effect; he was then using the way for an unauthorized purpose. Here is a charge, not of an intention, but of an act done with wrongful intent. If the evidence shows that the party was at the time acting in pursuance of such illegal purpose, the act is illegal, and no subsequent change of intention, or failure to pursue the wrongful purpose, could make any difference. If, as is suggested by the plaintiff, the passing through the quarter acre lot is not necessarily a wrong, it does not follow that the rejoinder is defective. It is *primâ facie* a wrong, and the plaintiff must reply the facts which deprive it of its wrongful character; or he must deny the passing with the wrongful object charged in the rejoinder, and the question, what was the intent of the party in the use he was then making of this way, would then be a question for the jury.

There is no question that at the present day an uninterrupted user of an easement upon the land of another for a period of twenty years, under a claim of right, while all parties concerned are free from any disability, and seized of estates in fee in possession, is *primâ facie* evidence of a right to such easement, and of a grant which is now lost, or which does not now exist. Wool. on Ways, 19, 288; *Campbell* v. *Wilson,* 3 East 294; *Sivett* v. *Wilson,* 3 Bing. 115; 10 Moor 539; *Keymer* v. *Summers,* Bull. N. P. 74; *Gilman* v. *Tilton,* 5 N. H. Rep. 233; 3 Kent's Com. 442; *Watkins* v. *Peck,* 3 N. H. Rep. 360.

The right to such easement may come in question in various ways, either upon pleadings, in which the party is bound to set

forth his right, as he claims and expects to establish it, or incidentally upon general pleadings. At common law it was necessary for the party who alleged a grant of an interest in land, to set forth the names of the parties, and the date of the grant, and to proffer to produce the same to the court, that the other side might have the opportunity to hear it, and to object to it, if he chose. The loss or destruction of the deed upon which a title of this kind depended, of course necessarily occasioned the loss of the title itself. *Wymark's case,* 5 Co., 74; *Seyfield's case,* 10 Co. 88. "*Et ideo si le fait soyt perd tout est perd.*" Bro. Ab. *Monstrans de faits* 137.

But with the changes of the times, the increased number of written instruments, and the consequent increased frequency of the loss or destruction of such writings, the courts have gradually yielded to a change of rule in this respect, and instead of requiring the production of the deed itself, secondary evidence was allowed of its existence and contents, upon proof of its loss, or destruction, or that it was in the possession of the adverse party; and as a necessary consequence of this change they no longer require an offer to produce the deed. They permit the party to allege an excuse for its non-production, as that it is in the hands of the defendant, or that it is by law in some custody from which it cannot be removed, or that it is destroyed or lost. The loss of the direct and usual evidence of a right has not now, of course, the effect practically to destroy the right by destroying the only admissible evidence of its existence. 1 Wms. Saund. 323, n. 6; *Wright* v. *Rattray,* 1 East 381; *Read* v. *Brookman,* 3 D. & E. 151; *Tatty* v. *Nesbitt,* 3 D. & E. 153, n.; 1 Tidd Pr. 636; *Fisher* v. *Ford,* 12 A. & E. 654.

Courts occasionally evince an undue tenacity for the old maxims and rules of the common law, when the reason of them has ceased; and sometimes when new principles have been adopted by them, or have grown up with time, which are practically inconsistent with them. The ancient rule, when the party pleading a deed was bound to make a profert of it to the court, was, that he must set forth the parties, and the date of it. And

when the rule requiring a profert has been relaxed, the same rule has of course generally continued, as the result of the doctrine of the law relative to variance, which is an essential feature of the law of pleading, and which requires that a party should state his case as he expects to prove it. While the ordinary rules as to secondary evidence were alone recognized, the party conformed his plea to his proof; that is, to his copy, or the recital of it in some other deed, or the like, or the recollection of his witness, who had seen it; and he set forth the names of the parties, and the date, because if the plea was materially variant from the proof, the issue must be found against him.

The case relied on by the defendant seems to us one of the cases where courts are found sticking to the form when the substance has departed. The rule is settled beyond controversy, that long continued user is evidence of a lost or non-existing grant, from some person who might at some time have made a valid grant, to some person capable of accepting it. It proves this. It cannot prove more. User of a way cannot prove a grant by A. to B. on a given day, unless there be other circumstances, which confine the evidence to a particular time and to the parties then interested. *Campbell* v. *Wilson*, 3 East 294. The evidence of such limitation forms no essential or natural part of the proof of user. If a grant is pleaded from a particular person to another, at a certain date, the party, upon proof of mere user, fails to prove his case as he has stated it, and must lose the verdict. Now the rule in question and this result are entirely inconsistent and incompatible, and one or the other must give way. And we think there can be no reasonable doubt which of these is to be suffered to fall into that oblivion which befits mere technicalities.

The universal rule of the law of pleading is, that a party is bound to state and give notice to the other party, of all the material facts which it is necessary for him to prove, in case they are denied, in order to establish the right or claim on which he relies. Whatever it is not necessary for him to prove, it is not necessary to allege: and this rule settles the question in this

case. It is not necessary for the party alleging the acquirement of an easement, to prove by whom or to whom or when it was granted; it is enough if he proves by twenty years' user, unexplained, a grant supposed to be lost, and of which nothing is known beyond what may be inferred from such user. It is then of course not necessary to allege these facts, and their omission is no cause of demurrer. This form of pleading will be defective, except in cases where the evidence consists of user alone. If the names and date are known, they must be stated, or the proof will be variant from the pleadings. On demurrer, either mode of statement is sufficient.

It is objected to the plea, that it is bad on demurrer, because an allegation that a party gently laid his hands upon another, *molliter manus imposuit*, is no justification of a *beating* and *wounding*. Various authorities are cited in support of that position, to which others might be added. And whatever doubts we might have had if the question were new, the law must be regarded as settled, and the plea bad.