## Samuel W. Hale *v.* Joseph P. Taylor.

Where the defendant had agreed with the plaintiff to deliver to him on or before a fixed time and at a certain place ten thousand feet of merchantable clapboards, and did send to the place a smaller quantity of clapboards, part merchantable and part better than merchantable, *held* that the plaintiff was not bound to accept them; also that a neglect by the plaintiff, within a reasonable time after he was informed that the clapboards were at the place, to notify the defendant that he would not accept them, was not conclusive evidence of an acceptance of them by the plaintiff, and did not estop him to deny that he had accepted them.

The mere intention of a party, not manifested by or accompanying any act or declaration, is in general not admissible to affect the rights of another.

Where the intention of a party becomes material, it may be shown either directly or from circumstances, and the party himself, if a competent witness, may testify to his intention, unless prevented by some other principle of law applicable to the particular case.

Where the question was whether certain clapboards had been accepted by the plaintiff, and the plaintiff had testified that he said, "if he could sell the clapboards, he would endorse them on the note of the defendant," *held* that the court might properly allow the plaintiff's counsel to ask him the question, "did you do anything to sell or dispose of the clapboards other than to say that if you could sell them you would endorse them on the note, or did you do anything to measure or survey them?" notwithstanding the defendant objected to it as leading.

Assumpsit on the following written contract :

"On or before the 1st day of March next, for value received, I promise to pay Samuel W. Hale, or bearer, 12,000 feet of merchantable clapboards to be delivered at Fairlee Depot, Vt., to be inspected by inspector in Dalton, N. H.

JOSEPH P. TAYLOR."

Orford, N. H. Sep. 10, 1858.

Between nine and ten thousand feet of clapboards, partly merchantable and partly better than merchantable, were sent by the defendant to Fairlee Depot.   One Alvin Taylor notified the plaintiff that the clapboards, or that some clapboads, were at the depot, and the plaintiff went with Alvin to the depot and helped unload them.   There was evidence tending to show, that, before the plaintiff saw them, he had had some negotiations, or made some arrangement, with some one to haul them from the depot.   The plaintiff testified that when he saw them he objected to take them on account of their quality, but said that it was a pity to send them back, and if he could sell them he would, and endorse them on the note.   The defendant contended, among other things, that the plaintiff had accepted the clapboards in full or in part payment, satisfaction and discharge of the contract.

The defendant excepted to the ruling of the court allowing the plaintiff's counsel to put the plaintiff the following questions :

"Did you intend to accept the clapboards ?"

"What was your intention as to drawing the clapboards over from the depot at the time you had the talk about drawing them, if they did not answer the contract" ?

The defendant objected to the following question put by the plaintiff's counsel to the plaintiff, as leading :

"Did you do anything to sell or dispose of the clapboards other than to say that if you could sell them you would endorse them on the note, or did you do anything to measure or survey them"?

The plaintiff had already testified that he said "if he could sell the clapboards he would endorse them on the note," and the court, in the exercise of its discretionary power, allowed the question to be put as proper under the circumstances, if it was leading; and the defendant excepted.

The defendant requested the court to instruct the jury, that, when the clapboards were delivered at Fairlee Depot and the plaintiff was notified that they were there, it was the duty of the plaintiff to accept or reject them, and, if he rejected them, to notify the defendant within a reasonable time to that effect, and that if he did not do this he cannot recover. The court declined so to instruct the jury, but did instruct them that they might consider any delay in notifying the defendant of non-acceptance as evidence upon the question of acceptance. To the refusal to give the instructions requested the defendant excepted.

The jury returned a verdict for the plaintiff for $77, which the defendant moves to set aside.

*C. W. & E. D. Rand*, for defendant, cited Chipman on Con. 36, 39 ; *Erskine* v. *Erskine*, 13 N. H. 441 ; *Gale* v. *Belknap Co.*, 41 N. H. 170 ; *Wadleigh* v. *Janvrin*, 41 N. H. 512 ; *Page* v. *Parker*, 40 N. H. 63 ; Story on Con. secs. 83 and 84 ; *Train* v. *Gold*, 5 Pick. 387.

*Hibbard* and *Lang*, for plaintiff.

BARTLETT, J. The clapboards sent by the defendant to the depot were less in quantity than those specified in the contract, and in part of a different quality, and therefore the plaintiff was not bound to accept them. 2 Parsons' Con. 163 ; Chit. Con. 903. Under these circumstances the mere fact that the plaintiff did not within a reasonable time notify the defendant that he did not accept them would no more in law amount to an acceptance or render the plaintiff liable for these clapboards than would a similar omission of notice in case the defendant had chosen to send to the depot any article entirely different from that described in the contract. Whether the plaintiff had in fact accepted the clapboards was a proper question for the jury. *Kelsea* v. *Haines*, 41 N. H. 253.

The mere intention of a party not manifested by or accompanying any act or declaration is in general not admissible to affect the rights of another. *Gale* v. *Belknap Co.*, 41 N. H. 170 ; *Wadleigh* v. *Janvrin*, Ib. 512 ; *Snedeker* v. *Warring*, 2 Kernan, 170 ; *Bank* v. *Champlain Co.*, 23 Vt. 186 ; *Hayward* v. *Bath*, 38 N. H. 182 ; see *Gates* v. *Lounsbury*, 20 Johns. 427 ; *Lawrence* v. *Ocean Co.*, 11 Johns. 241 ; *Firemen's Co.* v. *Lawrence*, 14 Johns. 46 ; *Palmer* v. *Pinkham*, 33 Me. 35. But where the intention of a party becomes material, it may

be shown either directly or from circumstances, and the party himself, if a competent witness, may testify to his intention, unless prevented by some other principle of law applicable to the particular case.   *Gale* v. *Belknap County*, 41 N. H. 175 ; *Norris* v. *Morrill*, 40 N. H. 395 ; *Edwards* v. *Currier*, 43 Me. 474 ; *Wheelden* v. *Wilson*, 44 Me. 1 ; *Corina* v. *Exeter*, 1 Shepl. 328 ; *French* v. *Marstin*, 24 N. H. 450 ; see *Blodgett* v. *Farmer*, 41 N. H. 403, and *Jones* v. *Howland*, 8 Met. 377.   Whether these principles were correctly applied in all the cases cited we do not propose now to inquire.

Where the concurrence in intent of two parties is material to be proved, evidence of the intent of one alone cannot avail, *Murray* v. *Bethune*, 1 Wend. 191, see *Rich* v. *Jackway*, 18 Barb. 357 ; but this will not necessarily render it improper to prove the intent of each.   *Blake* v. *White*, 13 N. H. 272.   Cases may perhaps exist where a party is precluded by his acts or declarations from successfully asserting an intent inconsistent with such acts or declarations, upon the ordinary principle of an estoppel in pais.   2 Smith's L. C. 531.   See *Hibbard* v. *Russell*, 16 N. H. 417.   Upon questions of the delivery and acceptance of chattels under a contract of sale, the intention of the parties in doing some acts in relation to the property which is the subject matter of the contract, is often material, *Kelsea* v. *Haines*, 41 N. H. 253 ; and therefore cases may exist where the parties may each testify as to his intention in doing such acts.   Of course, where such testimony is admissible, its legal effect must be determined by the principles of law applicable in the particular case.

In the present case there was no evidence that Alvin Taylor was agent for the defendant, and no question of estoppel arises ; but there was evidence of certain acts done by the plaintiff in relation to the clapboards, and his intention in doing those acts was material upon the question of acceptance ; and, upon the principles stated, it might be proved by himself.   As the plaintiff had already testified that he said "if he could sell the clapboards, he would endorse them on the note," the question excepted to as leading was not objectionable as assuming what had not been stated, and seems merely introductory to the inquiry what else he did, &c., if by his answer to this interrogatory it should appear that he did anything else to sell or dispose of the clapboards, &c., and if he did nothing else it was admissible to elicit that fact.   *Steer* v. *Little*, 44 N. H. 613.   There must be

*Judgment on the verdict.*