John J. McGillis and Henry W. King, Impleaded, etc.,

v.

F. W. Bishop.

*Trespass* de Bonis Asportatis—*Sheriff—Attachment Writ as Justification—Jurisdiction—Pleading—New Assignment — Trespass* ab Initio—*Joint Verdict—Damages.*

1. Where the declaration states a case of trespass *de bonis asportatis,* the wrongful seizure of the goods and chattels described is the gist of the action, the conversion of the goods alleged being mere matter of aggravation.

2. Where the justification of a trespass is under a writ, warrant or other process of a court of record, and it is claimed that the defendant has been guilty of any illegal conduct or undue violence, the plaintiff should reply the facts or new assign. Matter showing that the defendant by subsequent misconduct became a trespasser *ab initio* should be specially replied.

3.　Where a joint verdict against two defendants must be set aside as to one of them, it can not stand as to the other.

4.　In an action of trespass against a sheriff and another to recover damages for an alleged wrongful levy on a stock of goods, it is *held:* That the sheriff may justify under an attachment writ regular on its face, although the subsequent proceedings were without jurisdiction because of an insufficient service or a defective return by the sheriff; that the attachment writ and evidence tending to show that the plaintiff was a fraudulent purchaser, were improperly excluded; that the pleadings furnished no foundation for the contention that the sheriff, by turning the plaintiff out and selling the goods under a void execution, became a trespasser *ab initio;* and that evidence touching the value of the good will of the plaintiff's business was improperly admitted and an instruction thereon improperly given.

[Opinion filed June 14, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

This action was brought to recover against appellants for levying on a certain stock of goods which was in the possession of appellee at Peshtigo, in Wisconsin. The levy was made and the goods seized by McGillis as sheriff of Marinette County, under attachment writs from the Circuit Court of said county against Ferdinand Armstrong, one of the writs being in favor of King and his partners. The declaration contained two counts. The first alleged that plaintiff was possessed in his own right, at Peshtigo, in the State of Wisconsin, of a certain stock of general merchandise, together with store fixtures and business equipments, and was carrying on a general merchandising business, which property was of great value; that the said defendants, wrongfully and without just cause or excuse, entered upon the premises, then and there being occupied by the plaintiff as aforesaid, and seized, took and carried away all of the said stock of merchandise, store fixtures, etc., then and there being, and which were then and there the property of the plaintiff, and converted the same to their own use, to the great wrong and injury, etc.

Second count: Plaintiff was at the day and year aforesaid, and at the place aforesaid, carrying on a business of great value, from conducting of which plaintiff was securing great

profits, and was well entitled to carry on said business without hindrance; nevertheless defendants wrongfully and unjustly and without proper cause or excuse therefor, entered upon the premises then being occupied by plaintiff, and then and there seized and carried away all the goods, wares, fixtures, etc., then in the possession of, and owned by plaintiff, which were then and there of great value, and converted the same to their own use, and thereby broke up and destroyed said business of the plaintiff, by means whereof plaintiff sustained great loss and damage, etc.

Appellant King pleaded not guilty; second plea, that property was the property of the plaintiff; and third, property in Ferdinand Armstrong.

McGillis pleaded not guilty, and a special plea setting out the issuing from the Circuit Court of Marinette County, Wisconsin, on October 23, 1884, in an action commenced therein by King et al. against one Fred Armstrong, of a writ of attachment directed to the sheriff of said county, commanding said sheriff to attach and safely keep all the property of said Armstrong within his county, or so much thereof as should be sufficient, etc., as security for the satisfaction of such judgment as said King and others might recover in said action, which said writ of attachment was, on said October 23, 1884, delivered to said defendant, who then and there was sheriff of said county, to execute according to law. By virtue of which said writ of attachment and for the purpose of executing the same, said defendant on the day aforesaid peacefully entered the said premises, doing no unnecessary damage, and seized the said goods and chattels in the said declaration mentioned and removed the same in execution of said writs, which are the supposed trespasses above complained of. And said defendant further says that the said goods and chattels in the said declaration mentioned at the said time when, etc., were the property of the said Fred Armstrong, and not of the said plaintiff, and were subject to attachment, and said defendant says that the said writ of attachment was by him duly returned into said Circuit Court of Marinette County according to law, etc.

A second special plea, substantially the same as the forego-going, was also filed by McGillis. To these special pleas plaintiff filed a replication *de injuria* and a traverse of the allegation in the pleas that the goods were the property of Armstrong, and not of the plaintiff. Upon the issue thus formed the case was submitted to a jury, and a verdict rendered in favor of appellee for $7,500, on which verdict judgment was entered, and this case is brought to this court by appeal.

Messrs. TENNEY, BASHFORD & TENNEY, for appellant.

Messrs. W. P. BLACK and FAIRCHILD & FAIRCHILD, for appellees.

MORAN, P. J. The declaration states a case of trespass *de bonis asportatis*. The wrongful and unlawful seizure of the goods and chattels described is the gist of the action, just as in trespass *quare clausum* the breaking and entering the close is the gravamen of the charge. The conversion of the goods alleged in the declaration is but aggravation. Taylor v. Cole, 3 Tenn. 155; Gelston v. Hoyt, 3 Wheat. 326.

The defendant, McGillis, justified the seizure of the goods under a writ of attachment, and alleged that the goods were the property of the defendant in the attachment. Plaintiff put the whole plea in issue by his replication, and thus treated the plea as good in law, and as an answer to the whole declaration.

To establish his defense under this state of pleadings it was only necessary for McGillis to prove that he seized the goods under a valid writ of attachment, and that the goods were the property of the defendant in the writ, and liable to attachment at the suit of a creditor. The writ of attachment offered in evidence was valid and regular in form. and the return of the sheriff thereon was, in our opinion, in strict conformity with the requirements of the Wisconsin statute relating to proceedings in attachment. Sec. 2736, R. S. of Wis.; Hopkins v. Langton, 30 Wis. 379.

McGillis v. Bishop.

The court below excluded the writ from the consideration of the jury, and also excluded the evidence offered by defendants which tended to show that the goods and chattels levied on were the property of the defendant in the writ, and thus deprived defendant of all grounds of defense, and left no issue to be determined by the jury save the amount of the damages.

The ruling of the court in excluding the attachment writ and denying to the officer who executed it the justification which its command afforded to him, is sought to be supported on this appeal on two grounds.  It is contended: First, that the Circuit Court of Marinette County, from which said attachment issued, never obtained jurisdiction of the defendant in the suit in which said writ was issued, and that the judgment entered in the case was therefore void; and that the writ and levy were also void, for the reason that there can be no valid writ and no valid levy where no jurisdiction over the defendant has been acquired by the court.  Second, that if the writ is to be treated as valid and as affording a protection to the officer for the seizure made under its authority, yet, after the levy, the sheriff was guilty of such a gross abuse of his attachment process—because he expelled the plaintiff from the store where the goods were seized, and assumed entire possession and control over the same from October 25th till January 3d following, and then sold the goods under a void execution—that he became in law a trespasser *ab initio*, and forfeited any justification which the writ would otherwise furnish him.

As a basis for the first contention, it was shown by the introduction of the entire record of the suit in Marinette County, Wisconsin, that there was a defective return of service upon the summons issued against the defendant in said suit.  The return which was made by the defendant, McGillis, as sheriff, stated that the summons was served on the defendant, F. Armstrong, the 28th day of October, 1884, " by then and there leaving a true copy thereof at his last and usual place of abode, in presence of Chas. Armstrong, his son, a member of his family of suitable age and discretion, to whom I explained the contents thereof."

The statute of Wisconsin authorizes service of summons,

in the manner stated in this return, only where the defendant is not found, and the return should show that the defendant was not found, and if such statement is omitted from the return, jurisdiction of the defendant is not shown.    Knox v. Miller, 18 Wis. 397; Northrup v. Shepard, 23 Wis. 5–13.

The counsel in this case have devoted much discussion to the question whether the judgment entered on this service was void or voidable, and whether the return was amendable in the court where the judgment was rendered.   The rule generally recognized is, that an officer will be permitted, in the discretion of the court, to amend his return according to the facts and in support of the judgment, and such we understand to be the practice in Wisconsin.   Rehmstedt v. Briscoe, 55 Wis. 617.

It is contended by appellants that if the return might be amended in the Circuit Court of Marinette County, then the jurisdictional facts could be shown in the trial of this case by parol and an offer was made to show by McGillis, that at the time of the service and return of the summons, Armstrong could not be found in the county.   We are not prepared to give assent to this contention, but do not find it necessary at this time to express any final judgment on the point.

If it be admitted that the court failed to obtain jurisdiction of the defendant, and that no valid judgment was entered in the suit, yet the sheriff would not be thereby deprived of the protection of the attachment writ.   The attachment writ bears date October 23, 1884, and the sheriff's return on it shows that the goods were seized under it October 24th.   The return on the summons shows that the service was made on the 28th of October.   Grant that the service was invalid, or that the return, which was not made till November 10th, was not such as to show the jurisdiction of the court to proceed to judgment, how can the failure to obtain jurisdiction have a retrospective effect, and render the writ, which was a legal authority and mandate to the officer, at the time he seized the property in execution of it, impotent as a protection to him when he is sued in trespass for acts done in obedience to its command?

McGillis v. Bishop.

The law is not so. The writ was valid and regular in form and issued from a court having authority to issue it, and it became the duty of the sheriff when it was delivered to him, to levy it on the property of the defendant therein named promptly and unhesitatingly, and because he was obliged to obey its mandate the facts on its face must constitute his justification. "As a general rule an officer may justify under a writ regular on its face, whether the court had jurisdiction or not, although the writ be void." Davis v. Wilson, 65 Ill. 529.

This is not the question whether the officer will be deprived of the protection of his writ when he does acts which make him a trespasser *ab initio*. That question we will discuss under the second point. The question here is whether the officer must, in order to make out a justification under the writ of attachment, show that proceedings in the cause subsequent to the levy were regular and resulted in a valid judgment.

In an early case in Vermont it was held, where an officer had attached property, but made a return on the writ so defective that the suit was abatable, that the attachment was valid, and the officer could maintain trespass against subsequent attaching creditors who took the goods, and it was further held that even though the officer should be guilty of conduct which might render him a trespasser *ab initio*, yet his attachment, being originally lawful, would not be affected by his subsequent acts of omission or commission so as to make his levy void. Newton v. Adams, 4 Vt. 437.

In Eaton v. Cooper, 29 Vt. 444, it is said by Redfield, C. J., speaking for the court, that "the taking of property by virtue of a writ of attachment may be justified by the officer and creditor's attorney without showing regular subsequent proceedings in obtaining judgment, taking out execution," etc.

In Grafton v. Carmichael, 48 Wis. 660, the question now being considered was decided. There the defendant in a trespass suit directed and aided the officer in seizing property under an attachment writ. The writ was regular and valid in form, but the judgment was invalid by reason of a failure to

cause notice to the attachment defendant to be posted or pub-
lished as required by law. It was insisted that the seizure
could not be justified under the writ because the proceedings
did not terminate in a valid judgment, but the court held
otherwise, saying: "It will be borne in mind that the original
taking was under lawful writs, and with this taking the agency
of the defendant in the matter ends, unless on account of the
defect in the subsequent proceeding, which was not owing to
his fault, he is liable to be treated as a trespasser *ab initio*,
and we do not think he can be held liable on that ground,
there being no proof of any positive wrong on his part which
would tend to show that the original taking, though lawful,
was for some other indirect or unjustifiable purpose." It is
argued that this case is to be distinguished in this point from
the one just cited, for the reason that the failure to show
jurisdiction and a valid judgment in this case is due to the act
of the sheriff himself in failing to properly serve the defend-
ant in the suit, or to make a sufficient return of service. But
suppose he had utterly failed to make a return of the summons
or had entirely failed to serve it. That would, at most, be a
nonfeasance, and it is well settled, as stated by Spencer, C. J.,
in Gates v. Lounsbury, 20 Johns. 427, that, "when an act is
lawfully done, it can not be made unlawful, unless by some
positive act incompatible with the exercise of the legal right
to do the first act."

We must conclude, therefore, that the attachment writ,
offered, as it was, in connection with evidence showing that the
plaintiffs in the writ were creditors of the attachment defend-
ant, and with evidence tending to show that the purchase by
plaintiff of said goods and chattels seized under the writ was
fraudulent and void as to creditors, was proper and competent
evidence under McGillis' pleas of justification, and that it was
error for the court to exclude said writ, and the evidence
tending to show that plaintiff was a fraudulent purchaser of
said goods.

Second. But it is said, McGillis, by turning plaintiff out of
the store in which the goods were, and by subsequently selling
the goods under a void execution, became a trespasser *ab initio*,

and by his said wrongful acts lost the protection of his writ. The difficulty with this contention of counsel is, that assuming it for the present purpose to be sound, there is no foundation laid for it in the pleadings. As before stated, McGillis' pleas answered the trespass stated in the declaration, *i. e.*, the wrongful seizure of the goods. The conversion of the goods or their spoliation was mere aggravation. Plaintiff took issue on the plea by the replication, *de injuria*, but did not new assign.

It is a fundamental rule of pleading stated in all the text books on common law pleading and illustrated by numerous decisions, that, where the justification of a trespass is under a writ, warrant, or other process of a court of record, and it is claimed that the party has been guilty of any illegal conduct or undue violence, the plaintiff should reply the facts or new assign, and matter which shows that the defendant by subsequent misconduct became a trespasser *ab initio* should be specially replied. 1 Chitty on Pl. 16, Am. Ed. 620; Graham Pr. 258. In trespass for breaking and entering the plaintiff's house and expelling him therefrom, the breaking and entering are the gist of the action and the expulsion is merely aggravation; therefore a justification will cover the whole declaration; and if the plaintiff means to insist on the expulsion, as making the defendant a trespasser *ab initio*, he must new assign it. Taylor v. Cole, 3 Tenn. 155. See also Gelston v. Hoyt, *supra;* Shortland v. Govett, 5 Barn. & C. 485; Butman v. Wright, 16 N. H. 219; Stoughton v. Mott, 25 Vt. 668; The Six Carpenters' Case and notes, Smith's Lead. Cas. 274.

The plaintiff not having specially declared by way of new assignment for the expulsion or for the sale of the goods, could have no benefit from the proof introduced by him under the counts of his declaration which were answered by the pleas; and, furthermore, the court could not properly rule out the writ of attachment on the ground that the sheriff was a trespasser *ab initio*, even if the pleadings were in a proper condition to present that question. Whether the officer becomes a trespasser *ab initio* is a question for the jury to determine upon the evidence under proper instructions from the court.

The verdict is joint against McGillis and King, and as it must be set aside as to McGillis it can not stand as to King.

As the case must go back for a new trial, we will notice the error assigned as to the admission of evidence of the value of the good will of the business.

The bill of sale from Armstrong to appellee did not purport to convey the good will of the business, and there was nothing in the sale of the stock which prevented Armstrong from opening a store adjacent to the one occupied by appellee, and continuing the business which he had theretofore conducted. Appellee had no interest in the good will, so far as the evidence shows, and there was, therefore, no basis for the assumption that he would make in the future the same profits in conducting the business that Armstrong had made in the past. The value of the goods and fixtures taken was the true measure of damages, and the jury might, if warranted in an action of trespass by the proof made, give exemplary damages to punish a wanton or malicious proceeding. No claim for such punitive damages was made in this case, however, but a claim for the value of the good will was made, and the court instructed the jury to find from the evidence the profits of the business to Armstrong during the previous year, and from that and other evidence to ascertain the value of the good will of the business, and to allow such value as damages in addition to the value of the goods. This was error. Kussell v. Jzevor, 2 Ill. App. 243. The value of the good will was not involved, and where the property is taken under a claim of right, the real dispute being as to the title, and the trespass is not accompanied by any circumstances of aggravation sufficient to justify exemplary damages, the law applies in all cases the same uniform measure of relief for property taken, to wit, the value of the property at the time of the conversion and interest thereon. Oviatt v. Pond, 29 Conn. 479; 3 Sutherland on Dam. 472.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*