## William Patterson et al. v. W. J. Standley.

1. VERDICTS—*In Tort Against Two or More Defendants.*—A joint verdict against two or more defendants in an action of tort can not be allowed to stand as to part of the defendants and set aside as to the others.

2. JUDGMENTS—*At Law to be a Unit.*—A judgment at law must be a unit as to all the defendants.

3. SELF-DEFENSE—*Requirements of the Law.*—The law requires of all persons the exercise of a reasonable degree of prudence before striking in so-called self-defense.

4. INSTRUCTIONS—*In Cases of Self-defense.*—It is error to modify an instruction so as to restrict the defense of "self-defense" in an action of trespass for assault and battery to cases where a reasonably prudent and courageous man would believe that striking in self-defense was necessary for his protection.

Trespass, for an assault and battery. Error to the Circuit Court of Warren County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

J. A. McKENZIE and C. A. McLAUGHLIN, attorneys for plaintiffs in error.

KIRKPATRICK & ALEXANDER and GRIER & STEWART, attorneys for defendants in error.

MR. JUSTICE CRABTREE delivered the opinion of the court. This was an action of trespass for an assault and bat-

tery brought by defendant in error against plaintiffs in error and their two brothers, Talyor Patterson and Samuel Patterson, jointly.

The defendants pleaded not guilty, and in addition thereto plaintiffs in error filed a special plea, justifying on the ground of self-defense, and alleging that they used no more force than was necessary to repel an attack which they averred was made upon them by the plaintiff.

There was a trial by jury, who returned a verdict against all four of the defendants, and assessed the damages at $2,500. A motion was entered by all the defendants for a new trial, which the court sustained as to two of the defendants, but overruled as to the plaintiffs in error and rendered judgment against them on the verdict. They prosecute this writ of error.

Under our view of the law and the correct practice in such cases, the course pursued by the court was erroneous and can not be sustained. A joint verdict against two or more defendants in an action of tort can not be allowed to stand as to part of the defendants and set aside as to the others. (McGillis v. Bishop, 27 Ill. App. 53–61.) In the case of Jansen v. Varnum, 89 Ill. 100, which was an action of tort, a verdict and judgment against two defendants being held unsupported as to one, the judgment was reversed as to both defendants and the cause remanded generally, that is, for a new trial as to both defendants, and it is said in the opinion that a judgment at law must be a unit as to all the defendants.

As this cause stands now, it is pending in this court as to plaintiffs in error and still remains for trial as to the other defendants in the Circuit Court, with the possible result that, while we are considering this branch of the case here, another judgment for the same tort may be recovered against the other defendants in the court below. To sanction such a practice would lead to many abuses and inexplicable confusion. No Illinois case has been cited which warrants this practice. The cases which seem to authorize the course pursued here are from other States, where a dif-

Patterson v. Standley.

ferent practice prevails.   We are of opinion that the error
is well assigned, and must work a reversal of the judgment.

Instructions were offered by the defendants below, to the
effect that if the defendants struck the plaintiff under the
honest belief that such striking was done in necessary self-
defense, or if the circumstances were such as to induce in
the mind of a reasonably prudent man the belief that such
striking was necessary in self-defense or for self-protection,
then, etc.   But the court so modified the instructions as to
restrict such defense to cases where a reasonably prudent
and courageous man would so believe.   These modifications
were manifestly erroneous.   There is nothing in the statute
on self-defense, nor in the decisions of our courts, warrant-
ing this modification.   It is not the law that a man must
be a courageous man, and only as such, fear great bodily
harm before he is permitted to strike in self-defense.   All
men are not constituted alike; some are more easily put
in fear than others; but the law requires of all the exercise
of a reasonable degree of prudence before striking in so-
called self-defense.   If the party accused has acted as rea-
sonable and prudent men are expected to act under like
circumstances he is not to be blamed because he has not dis-
played the same courage another might have exhibited if
similarly situated.

For the errors indicated the judgment is reversed and the
cause remanded.