NEW-YORK,  as was required before the property could be regularly sold.
May, 1838.   A *waiver* by the defendant is not such a *levy*, nor is it any levy
Hale       at all.
v
Clark.                                          New trial denied.

------

## HALE *vs.* CLARK.

Replevin in the cepit will not lie for beasts taken damage feasant, although the
distrainor has omitted to have his damages appraised within 24 hours, the
time limited by statute; it seems, however, that replevin in the detinet
would lie. So also the owner may, after such neglect, retake his property,
or bring trover after demand and refusal.

A mere non-feasance will not make a party a trespasser ab initio.

The right to distrain beasts damage feasant does not depend upon the particu-
lar kind of injury done or the place where it is committed.

ERROR from the Madison common pleas. Hale brought
*replevin* against Clark for *taking* six swine, the property of
the plaintiff. The defendant *avowed* the taking of the swine
*damage feasant*, stating that they were in his *barn* eating his
corn. To this avowry the plaintiff demurred. There was
a second *avowry* similar to the above, to which the plaintiff
*pleaded* that the defendant did not, within 24 hours after the
distress, have his damages appraised. To this plea the de-
fendant demurred. The C. P. upon the whole record gave
judgment for the *defendant*. The plaintiff sued out a writ of
error.

*J. A. Spencer*, for the plaintiff in error, insisted, *first*, that
there could not be a distress of beasts *damage feasant* in a
*barn;* all the precedents alleging that the beasts were in the
defendant's *close*, eating up and depasturing the grass and
herbage; and *second*, that the defendant, by omitting to have
his damages appraised within 24 hours, as the statute requires,
became a trespasser *ab initio*. He cited 2 R. S. 517, § 1;
2 Johns. R. 191; 10 id. 253; and id. 372.

*T. Jenkins*, for the defendant in error.

*By the Court,* BRONSON, J. The right to distrain beasts *damage feasant* does not depend on the *place* where the injury is committed, nor the particular kind of trespass for which the distress is made. The swine were in the defendant's barn, eating up his grain and doing damage, and he had a right to take and detain them until the damages were paid.

It was the duty of the defendant to cause the damages to be appraised by the fence-viewers of the town, within 24 hours after making the distress. 2 R. S. 517, § 1. By neglecting to do so, he forfeited his right to detain the swine for the damages, and the plaintiff might have retaken his property ; or, if the defendant refused to deliver it on demand, he might have had an action of trover. It may be that replevin would also lie for the wrongful *detention*. 2 R. S. 522, § 1, 6, 36. But the plaintiff has declared for the *taking* of the swine ; and this presents the question whether the neglect of the defendant to have the damages appraised within the time prescribed by the statute, made him a trespasser *ab initio*. If the defendant had put the swine in the public pound before having the damages appraised, or had killed the distress, or done any other unlawful act in relation to it, this would have been such an abuse of an authority given to him by the law as would have made him a trespasser from the beginning ; and replevin for an unlawful taking might have been maintained. *The Six Carpenters' case*, 8 Co. 290. *Sackrider* v. *McDonald*, 10 Johns. R. 253. *Hopkins* v. *Hopkins*, id. 369. Com. Dig. Distress, (D. 6, 7.) But here there was no wrongful act. The neglect to have the damages appraised was a mere *non-feasance*, which could not make the original taking tortious. It was adjudged in *The Six Carpenters' case*, that " *not doing* cannot make the party who has authority or license by the law, a trespasser *ab initio*, because not doing is no trespass." The plaintiff has mistaken his remedy,

Judgment affirmed.