### GEORGE RUSSELL *vs.* JACOB HANSCOMB.

A fishwarden who takes a net set unlawfully across a river, and keeps it for fourteen days without instituting legal proceedings as required by the Rev. Sts. *c.* 118, § 21, becomes a trespasser *ab initio*, and liable to an action by the owner of the net for its value.

SHAW, C. J. This is an action in the nature of trespass *de bonis asportatis*, for taking and carrying away a seine, the property of the plaintiff. It comes before the court upon agreed statement of facts.

It is agreed that the defendant was a fishwarden, and took and carried away the seine of the plaintiff, of the value of $20, acting as such fish-officer. The defendant had the seine appraised by two men, without notice to the plaintiff and without process of law, and the seine has never been returned. The plaintiff was at the time fishing in Little River with the net in question, which was extended and fastened quite across said river.

The defendant justifies the taking of said seine under the statute regulating the fisheries in said river. This suit was commenced more than fourteen days after such seizure; but the defendant had then commenced no legal proceeding to obtain a judgment of forfeiture of said seine.

Supposing it to be true, as stated by the defendant, that the plaintiff was fishing with the seine in Little River, in violation of law, and that the defendant was duly appointed fish-officer for said river, and as such had a right to remove the said seine as an obstruction, and also seize it as forfeited, still the question remains whether he had a right to take the article and carry it away, without instituting a process by which the plaintiff might have an opportunity to claim a restoration of his property, if not forfeited, by a judicial determination. Such a proceeding is provided for by Rev. Sts. *c.* 118, §§ 20 *& seq.* Without such judicial proceeding, an owner might be stripped of his property, by an officer of the law and under color of law, without judgment and without a hearing. It is analogous to a case where a sheriff attaches property on mesne process, or seizes it on execution and never returns his process.

Where an officer of the law, or other person in the exercise of a power conferred by law, rightfully takes property, but afterwards fails to comply with the provisions of law in disposing of it, he thereby becomes a trespasser *ab initio,* and fails in his justification. *Six Carpenters' case,* 8 Co. 146. *Oxley* v. *Watts,* 1 T. R. 12. *Melville* v. *Brown,* 15 Mass. 82.

This case is clearly within that principle. The defendant took the seine into his own possession and carried it away; this he could only legally do by the authority given by law to seize for the forfeiture. But his failure to prosecute was a departure from his authority, and, in legal effect, deprived him of his justification for the taking and left that taking without excuse.

If he had merely removed it from the river, as an unlawful obstruction, and left it in any conspicuous place in the vicinity, so that the owner might have obtained possession of his property, it would have presented a very different question.

*Judgment for the plaintiff.*

*N. St. J. Green,* for the plaintiff.

*E. Ripley,* for the defendant, cited *Six Carpenters' case,* 8 Co. 146; *Gardner* v. *Campbell,* 15 Johns. 401; *Gates* v. *Lounsbury,* 20 Johns. 427; *Hale* v. *Clark,* 19 Wend. 498; *Ferrin* v. *Symonds,* 11 N. H. 363.