## SIMSER *vs.* COWAN.

In a complaint, under the Code, for the unlawful detention of personal property, it is unnecessary to allege any demand and refusal. It is enough that the defendant is charged "with taking, or with having and wrongfully detaining the property" of the plaintiff.

Whether the unlawful detention consists in the refusal of the defendant to deliver it, when demanded, or whether by an improper act of his he detains it from the plaintiff, is a matter of evidence, and need not be set out in the complaint.

The wrongful detention is the fact to be established; the manner in which the wrongful detention was accomplished is only evidence of it.

Even if the complaint in such an action were defective in not stating a demand and refusal, in the absence of any demurrer it is competent for the court to admit evidence of it, on the trial.

Although the proof shows that the plaintiff's property was *taken* by the defendant in one county, yet if it appears that it was unlawfully *detained* in another, this is sufficient to authorize the bringing of an action in the latter county.

APPEAL from a judgment in favor of the plaintiff, rendered on the report of a referee.

The action was brought to recover the possession of seven head of neat cattle, which the plaintiff in his complaint claimed to own; that he was entitled to the possession of them, and that the defendant had taken and wrongfully detained them.

The cause was tried before the referee, and he found that on the 18th day of October, 1866, the plaintiff was the owner of the cattle, which were of the value $200. On the morning of that day they were found by the defendant in his yard and garden, near his house, and he put them in his barnyard near by, allowing them to have access to his adjoining fields. The yard, garden and barnyard were situated in Lewis county, within a very few rods of the line between that and Jefferson county, and the fields to which he gave them access, lay partly in Jefferson and partly in Lewis county. The cattle were in Jefferson when they were seized by the process in this action, by the sheriff of that county. After the defendant

had put the cattle in his barnyard, and before noon of the 18th of October, he informed the plaintiff that if they were his cattle he wanted him to come and get them. On the morning of the 19th of October, the plaintiff, by his agent, demanded the possession of the cattle, but the defendant refused to give them up. It also appeared that this demand and refusal took place before the commencement of the action. No proof was given that the defendant had any appraisal of damages, or that any damage was done by the cattle.

As conclusions of law, he found that the plaintiff was entitled to the possession of the cattle, and that the defendant wrongfully detained them from him, and he ordered judgment accordingly for the plaintiff, with costs.

The judgment was entered up and the defendant appealed.

*N. Whiting*, for the appellant.

*J. B. Emmes*, for the respondent.

FOSTER, J. The facts, as found by the referee, are fully, supported by the testimony, and although we have a large array of points and authorities on the part of the appellant, two questions only are really before us: 1st. Whether under the complaint in this case the plaintiff could be permitted to prove, against objection, that he demanded the cattle of the defendant before he brought the action; and, 2d. Whether, after having made such proof, he was entitled to judgment. The questions are substantially the same; because, if the proof was properly given under the pleadings, then the fact proved by it was properly established, for the purposes of the trial and decision; and these questions are quite too simple and too clear to need much discussion.

There is no necessity, in a complaint for the unlawful detention of personal property, under the Code, to allege

any demand and refusal. It is enough that the defendant is charged " with taking, or with having and wrongfully detaining the property " of the plaintiff. And whether the unlawful detention consists in the refusal of the defendant to deliver it when demanded, or whether by any improper act of his he detains it from the plaintiff, is a matter of evidence, and need not be set out in the complaint. All that the Code requires is, that a plain and concise statement be made of the facts constituting the cause of action. · (*Code*, § 142, *sub.* 2.) The *wrongful detention* is the *fact* to be established, and the manner in which the wrongful detention was accomplished, is only evidence of it. As well might it be required, in an action for wrongfully taking the property of the plaintiff, that he should set out in the complaint the particular manner and the circumstances under which the defendant took the property. And yet it is perfectly clear that in such case it is enough to allege in the complaint, so far as the taking is · concerned, that the defendant wrongfully took the property, and the way in which it was done is properly proveable under such a complaint. It would be quite as necssary in counting upon a promissory note, to allege the particular manner in which the defendant executed, or made it, and to allege, if such was the case, that he subscribed it by making his mark at the foot of it, as it is in this case to allege that the plaintiff demanded the property, and that the defendant refused to deliver it. The case cited by the appellant's counsel (*Hale* v. *Clark,* 19 *Wend.* 498) has no application to the question under consideration; and that of *Allen* v. *Patterson* (3 *Seld.* 476) is an ·authority against the proposition which he contends for.

Even if the complaint were defective in not stating a demand and refusal, there being no demurrer, it was competent for the court to admit the evidence of it on the trial. (*White* v. *Spencer,* 14 *N. Y. Rep.* 247. *Reynolds* v. *Lounsbury,* 6 *Hill,* 534.)

---

Two other points taken by the defendant may be worth a passing notice. The first is, that the case shows that the defendant took the cattle in Lewis county, and that therefore the action should be brought in that county instead of Jefferson county. It is enough to say that the case shows that the defendant *wrongfully detained* the cattle in Jefferson county, and that they were replevied *there* by the sheriff. The other point raised is that the defendant, on the 18th of October, informed the plaintiff that he might come and get the cattle if they were his. This clearly constituted no defense; especially as the defendant, when the plaintiff afterwards sent after and demanded them, refused them to him.

The judgment should be affirmed.

[ONONDAGA GENERAL TERM, June 30, 1868. *Foster, Mullin* and *Morgan,* Justices.]