## New York Marine Court.

*Trial Term—March,* 1882.

## ROSENBERG *against* COHEN.

**Pleadings.**—In an action of trover for the conversion of personal property, an allegation in the complaint "that the defendant wrongfully took, carried away and converted to his own use, the property of the plaintiff" is sufficiently broad to admit evidence showing that the possession of the goods was obtained by fraud.

McADAM, J.—The action is in trover for the conversion of personal property. The allegation in the complaint, "that the defendant wrongfully took, carried away and converted to her own use, the property of

the plaintiff" is sufficiently broad to admit evidence showing that possession of the goods was obtained by the fraudulent representations of the defendant (White v. Dodd, 18 *Abb. Pr.* 250 ; S. C., 42 *Barb.* 562 ; 28 *How. Pr.* 202; Cary v. Hotaling, 1 *Hill*, 311 ; *Addison on Torts*, Wood's ed. 496 ; Hunter v. Hudson River Iron Co., 20 *Barb.* 493 ; Sumser v. Cowan, 56 *Id.* 395 ; Bliss v. Cottle, 32 *Id.* 322 ; Roth v. Palmer 27 *Id.* 652 ; Decker v. Matthews, 12 *N. Y.* 313 ; Allison v. Matthew, 3 *Johns.* 236). The possession of goods obtained by fraud is tantamount to an unlawful taking of them. The fraud is the evidence by which the unlawful taking is established, and need not be spread upon the complaint. The particular manner and the circumstances under which the defendant took the property need not be alleged. It is enough to allege that the defendant wrongfully took the property, and the way in which it was done is properly provable under such a complaint (56 *Barb.* 395).

There was no error committed on the trial, and the motion for a new trial must be denied ; no costs.