BARNET HILL, Appellant, *v.* JAMES BARTHOLOMEW, Respondent.

*Wrongful entry on land, the gist of an action for trespass — variance between the actual use of a right of way and the right reserved — knowledge thereof by a purchaser of the servient estate — notice.*

A wrongful entry upon another's land is the gist of an action for trespass, and the other averments are in aggravation of the injury done by the wrongful entry, and relate to the matter of damages.

Query, whether the knowledge by a purchaser of the servient estate of the fact that a right of way is used in a manner different from that specified in the recorded grant thereof is sufficient to put him upon inquiry as to whether any subsequent unrecorded grant or agreement between the owners of the land has been made.

APPEAL by the plaintiff, Barnet Hill, from a judgment of the Supreme Court in favor of the defendant, entered, after a trial by the court without a jury at the Otsego Circuit, in the office of the clerk of the county of Otsego on the 20th day of January, 1892.

The action was originally brought in a Justice's Court to recover the damages resulting from a trespass upon real estate. A plea of title was put in and the action then was brought in the Supreme Court. In the complaint it is alleged that the defendant at various times during the months of May and June, 1888, wrongfully went upon the lands and premises of the plaintiff and wrongfully and willfully opened the gates and fences of plaintiff on plaintiff's premises, and wrongfully and willfully left the gates and fences open, and thereby exposed plaintiff's crops, and caused plaintiff's cattle to go out, and that in consequence thereof the plaintiff was put to great trouble and expense in looking after his cattle and in shutting his gates.

In the answer it is, among other things, alleged that the defendant had a right of way across the plaintiff's premises, and that all he did was in the exercise of his right, and that he had a right to have the gate open, and all other entries are denied.

*O. F. Matterson* and *Albert C. Tennant,* for the appellant.

*H. H. Harrington,* for the respondent.

MERWIN, J.:

The controversy in this case is over the use of a right of way granted by Phineas Persons to the defendant on the 17th of July, 1869. Persons owned lands fronting upon a highway and defendant owned lands in the rear. Thereupon Persons, for a consideration therein named, duly executed and delivered to defendant a deed, by which he conveyed to defendant and to his heirs and assigns forever " a right of way in and over a strip of land on the north side of the dwelling house of said Persons in said town of Pittsfield, for the use of the said party of the second part, his heirs and assigns, and his and their servants and tenants in passing from the highway running past the house of said Persons to the house of said Bartholomew, and from said house and premises of said Bartholomew to said highway, said strip of land to be of the width of two rods, and commencing at the gate between the lands of said parties, and running westerly to said highway, passing over the same track heretofore used as a passageway by William Hamilton. Said Bartholomew and his heirs and assigns are to forever maintain a gate where the one now is on the line between said parties, and another gate at the other end of said right of way where the same intersects said highway, and keep the same closed, except when passing through same. Said Bartholomew to have the right to work said right of way so that it may be and remain in good traveling condition." This instrument was duly recorded and defendant immediately went into the occupancy of the right of way and erected gates at each end thereof, and kept the same closed except when passing through the same, as required by said deed, until June 8, 1870. At that date Persons and defendant entered into an agreement in writing signed by both, by which it was provided " that the gate at the road should be done away with as long as James Bartholomew makes and keeps in repair a line fence on the north side of the road that leads to the highway." This agreement was not sealed, acknowledged or witnessed, or recorded. The gate mentioned in it is the gate mentioned in the deed of 1869, to be maintained where the way intersects the highway. Soon after this agreement was made, the defendant, in pursuance of it, erected a line fence upon the north side of the way and kept and maintained it until the spring of 1888, when it was removed by the plaintiff, and during this time the defendant used the way

without a gate at the highway. Persons died in December, 1879, being then the owner of the lands through which the right of way passed. In 1881 the plaintiff became the owner of such lands by purchase at a partition sale in an action brought by the heirs of Persons for partition. The deed to plaintiff contains the clause " subject to the right of way across the same, as deeded by Phineas Persons to James Bartholomew." From this time until the spring of 1888 the use by defendant of his right of way without a gate at the highway was with the knowledge and consent of plaintiff. In the spring of 1888 the plaintiff, for his own convenience and without the consent of defendant, removed the fence on the north side of the way and erected a gate at the highway and closed the same. The defendant thereafter at divers times, as he opened the gate in passing from his farm to the highway and back, did not close it, and these are the same occasions referred to in the complaint. The defendant claimed he had the right to have the gate open or done away with under the agreement of 1870.

As to this agreement the plaintiff claims that as it was not attested or acknowledged it was invalid as to him. (4 R. S. [8th ed.] 2451, § 137.) He was a purchaser from the heirs of Persons. In *Strough* v. *Wilder* (119 N. Y. 530), it is said and seems to have been held that the title under an unacknowledged and unattested deed is good as between the parties, and also against the heirs of the grantor or one claiming under them. The plaintiff also claims that he had no notice of the agreement of 1870 and should not be bound by it, and also that it was revocable. It is found by the court below that the plaintiff when he purchased did not have any notice, knowledge or information of the agreement of 1870 or of any easement except as specified in his deed. He, however, knew that the right of way was in use without any gate at the highway, and that this was a change from the original instrument, the contents of which he is presumed to have known. Whether the circumstances were such as to put plaintiff on inquiry, or whether the agreement was revocable, are, however, questions not necessary now to determine. There is another question that seems to be fatal to the present action.

This action is in trespass and the gist of it is the alleged wrong- ful entry. The other averments are in aggravation of the wrong-

ful entry, and relate to the matter of damages. (*Whatling* v. *Nash,* 41 Hun, 580, and cases cited.) The action is in tort and is not on contract. No wrongful entry by the defendant is shown. He had a right to pass over the right of way, had a right to open the gate. The fault, if any, upon his part was his omission to close the gate. An act of omission will not make a man a trespasser *ab initio.* (*Adams* v. *Rivers,* 11 Barb. 390; *Hale* v. *Clark,* 19 Wend. 498.) It is found by the court below that the defendant opened the gate and intentionally and willfully left it open, thereby letting plaintiff's cattle into the street and causing him trouble. It is not, however, found that the defendant at any time opened the gate when not in the exercise of his right of way under his deed. He testifies that he never opened it except when he was exercising his right of passage. He left it open because he supposed he had a right to have it open.

If the plaintiff is correct in his theory that the agreement of 1870 is, invalid and inoperative as against him, then defendant, under the covenant in the deed of 1869 which inured for the benefit of plaintiff, would be liable for leaving the gate open. An action for damages for breach of the covenant would lie, as in the case of *Beach* v. *Crain* (2 N. Y. 86). But that is not this action.

It follows that the court below was correct in holding that the defendant did not wrongfully enter or trespass upon the lands of the plaintiff, and that the plaintiff's complaint was not proven.

HARDIN, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs.