TOWN OF NORTH HEMPSTEAD, Plaintiff, *v.* PUBLIC
SERVICE CORPORATION OF LONG ISLAND, Defendant.

(Supreme Court, Nassau Special Term, April, 1919.)

Franchise — acceptance of — contracts — gas companies — highways —
control of material by war industries board not a good defense —
liquidated damages.

A franchise to lay, maintain and operate gas mains along the
public highways of a town and in public places therein, when
accepted, becomes a contract between the parties and is to be
construed and governed by the general principles regulating
contracts.

Conditions either precedent or subsequent which regulate,
limit or control the exercise of a franchise, if reasonable and
not prohibitive, may properly be exacted and their performance
becomes obligatory upon the grantee of the franchise as a con-
tractual obligation.

In an action by the town to recover liquidated damages for
the non-performance by defendant of certain terms and con-
ditions contained in its franchise, it is no defense that per-
formance of said conditions was rendered impossible because
by the official action of the war industries board, in controlling
iron and steel production and the utilization thereof primarily
for war purposes, defendant was and still is unable to get
sufficient material and labor to lay an additional three miles of
pipe or any part thereof along or through certain streets of
the town.

The rules and regulations of the war industries board, while
greatly increasing the difficulty and expense of securing pipe,
did not excuse performance on the part of the defendant; the
emergency thus created stands in no other or different category
than if produced by any other cause or unforeseen contingency
against which provision might have been made in the franchise.

The exceptions to the general rule that performance of a
contract is excused when rendered impossible by the act of
" the law " considered, and *held,* that the present case did not
come within any of said exceptions, and that as the conditions
of the franchise had not been rendered physically impossible,

nor forbidden nor characterized as illegal by any act of "the law," plaintiff was entitled to judgment against the defendant for the full amount claimed, with interest and costs.

ACTION to recover liquidated damages for the non-performance of a contract.

Dowsey, Parsons & Berliner, for plaintiff.

Caldwell & Murphy, for defendant.

ASPINALL, J. This is an action brought by the plaintiff against the defendant to recover the sum of $1,000, as liquidated damages for the non-performance, upon the part of the defendant, of certain terms and conditions contained in a contract dated June 17, 1912, whereby the town of North Hempstead granted to the defendant the right to operate gas mains along public highways and in public places in said town.

The defendant in its amended answer interposed four separate and distinct defenses to said action.

At the close of the trial, counsel for the plaintiff moved to strike out all of the evidence introduced under paragraph 8 of the defendant's amended answer, which constituted its third separate defense, upon the ground that the same was incompetent, irrelevant and immaterial. The third separate defense reads as follows: " That on or about the 6th day of April, 1917, the United States of America duly declared a state of war existing between the Imperial Government of Germany and the United States; and on December 7, 1917, declared a state of war existing between the United States and Austria, and the Government of the United States, after April 6th, 1917, took control and supervision of and over, and still has control and supervision of and over the steel

and pipe distribution and industries of the United States and created a Priorities Board and a War Industries Board, and these Boards made no provision for the purchase of pipe to lay the same in the Town of North Hempstead, and that without such a provision no such pipe is to be procured by this defendant for laying in the Town of North Hempstead, and the plaintiff made no application to said Priorities Board or to the War Industries Board for a priority order, although the plaintiff well knew or should have known that the rules of the Government required them to make such an application, and because of that condition and others, this defendant has been unable and is still unable to get sufficient material and labor to lay an additional three miles of pipe or any part thereof, along or through Bayview Avenue to the end of Travers Lane in the Town of North Hempstead or any part thereof.''

I am of the opinion that the evidence so introduced is incompetent, irrelevant and immaterial, and that the defendant cannot successfully avail itself of this third specific defense; but in order that the entire controversy may be decided upon the merits, I deny the plaintiff's motion to strike out said evidence. Upon this proposition, I have the following comment to make: The defendant wholly failed to prove its defense as set forth in paragraph 8 of the amended answer and, even if it had proved the same, it would not have been a bar to this action, under the authorities.

The privilege conferred upon the defendant to lay, maintain and operate its gas mains and pipes along and through the public highways of the town of North Hempstead constitutes a franchise which emanates from the sovereign power through the exercise of lawfully delegated powers (*Beekman* v. *Third Ave. R. R.*

22 Town of North Hempstead *v.* Pub. Serv. Corp.

Supreme Court, April, 1919. [Vol. 107.

*Co.,* 153 N. Y. 144, 152; *California* v. *Pacific Railroad Co.,* 127 U. S. 1, 40), and the rights and privileges so conferred by the sovereign power and called a franchise, when accepted, becomes a contract between the sovereign power and the individual, to be construed and governed by the same principles regulating contracts generally, and which is as obligatory upon the parties as any other contract. *Trustees of Southampton* v. *Jessup,* 162 N. Y. 122, 126; *People* v. *O'Brien,* 111 id. 1, 49; *Thompson* v. *People ex rel. Taylor;* 23 Wend. 537, 552, 553, 554, 573, 579; *Brooklyn Central R. R. Co.* v. *Brooklyn City R. R. Co.,* 32 Barb. 358, 364.

Since a franchise confers rights, privileges and powers of public concern, not within the domain of individual rights, the granting of the same may be, and usually is accompanied by conditions, either precedent or subsequent, which regulate, limit or control the exercise of the rights and privileges so conferred. Such conditions, if reasonable in character and not prohibited, may properly be exacted and, if the acceptance of a franchise with the accompanying conditions constitutes a contract, the performance of the conditions becomes obligatory upon the grantee of the franchise as a contractual obligation. It stands in the same category as any provision in any other contract which one of the parties has agreed to perform. *People ex rel. West Side Street Railway Co.* v. *Barnard,* 110 N. Y. 548, 553, 557; *Gaedeke* v. *Staten Island Midland R. R. Co.,* 43 App. Div. 514, 528; Joyce Franchises, § 342; *Wilson* v. *Tennent,* 32 Misc. Rep. 273, 278; *Interstate Railway Co.* v. *Massachusetts,* 207 U. S. 79, 84.

The contract made between the plaintiff and the defendant contained certain terms and conditions for the non-performance of which this action has been

instituted and, as an excuse for such non-performance, the defendant interposed as one of its defenses the impossibility of performance, as specified and contained in its third separate defense, which in my judgment cannot possibly defeat the plaintiff's claim, for the following reasons:

The provisions of a franchise are to be considered as any other contractual provisions in a contract between individuals. The leading case upon this proposition, and the one most often quoted, is *Paradine* v. *Jane,* Alleyn, 26, quoted in *The Harriman,* 76 U. S. (9 Wall.) 161, 172.

The rule is well stated in a New York case, as follows: " If a party enter into an absolute contract without any qualification or exception, and receives from the party with whom he contracts the consideration of such engagement, he must abide by the contract, and either do the act or pay the damages." *Beebe* v. *Johnson,* 19 Wend. 499, 500, and it has also been held in the United States courts, as follows: " It is a well-settled rule of law, that if a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the act of God, the law, or the other party. Unforeseen difficulties, however great, will not excuse him." *Dermott* v. *Jones,* 69 U. S. (2 Wall.) 1, 7, and in a later New York case the rule is also reiterated as follows: " While as a general rule, where the performance of a duty created by law is prevented by inevitable accident, without the fault of a party, the default will be excused, yet when a person by express contract engages absolutely to do an act not impossible or unlawful at the time, neither inevitable accident, nor other unforeseen contingency not within his control, will excuse him, for the reason that he might have provided against them

Supreme Court, April, 1919. [Vol. 107.

by his contract." *Wheeler* v. *Connecticut Mutual Life Insurance Co.,* 82 N. Y. 549, 550. This also is the rule as stated in the following cases: *Cameron-Hawn Realty Co.* v. *City of Albany,* 207 N. Y. 377, 381; *Jones* v. *United States,* 96 U. S. 24, 29; *Harmony* v. *Bingham,* 12 N. Y. 99, 107; *Carnegie Steel Co.* v. *United States,* 240 U. S. 156, 165; *Jacksonville M. P. Railway & Navg. Co.* v. *Hooper,* 160 id. 514, 527; *Richards & Co., Inc.,* v. *Wreschner,* 174 App. Div. 484; *Cobb* v. *Harmon,* 23 N. Y. 148, 150.

I am clearly of the opinion that this action is in all respects within the general rule as laid down in the above quoted authorities.

I am well aware that there are several exceptions to the general rule as previously stated, but the principal exception is usually couched in the following language: " Unless its performance is rendered impossible by the Act of God, the law or the other party." *Labaree Co.* v. *Crossman,* 100 App. Div. 499, 502.

The contention of the defendant is that by reason of the activities of the war industries board of the council of national defense in controlling iron and steel production and the utilization thereof primarily for war purposes, performance of the provision of the franchise in question was rendered impossible by act of " the law " within the meaning of the above quoted exception to the general rule. In my opinion the defendant is mistaken in this respect. The exception relating to performance rendered impossible by act of the law seems to be confined to cases where some duly authorized legal action, or some process of law, has made performance physically impossible, as in the case of *People* v. *Bartlett,* 3 Hill, 570, or where the impossibility results from the destruction of the corpus or thing by act of the law, as in *Lorillard* v.

Town of North Hempstead *v.* Pub. Serv. Corp.  **25**

Misc.]          Supreme Court, April, 1919.

*Clyde,* 142 N. Y. 456; or, generally, where the law either directly or indirectly, by legislative enactment or by some court action, in effect abrogates the contract, or excuses performance, or prevents, prohibits, or renders illegal the performance of the act contracted to be performed. *People* v. *Globe Mutual Life Ins. Co.,* 91 N. Y. 174, 178; *Buffalo E. S. R. R. Co.* v. *Buffalo Street R. R. Co.,* 111 id. 132, 139; *Jones* v. *Judd,* 4 id. 411; *Brick Presbyterian Church* v. *New York,* 5 Cow. 538. I am fully satisfied that the present case does not come within any of the exceptions to the general rule. The purpose of the council of national defense was, briefly stated, to secure the " Co-ordination of industries and resources for the national security and welfare." Fed. Stat. Anno., 1918 Supp. 975.

It may be conceded that the rules and regulations of the war industries board greatly increased the difficulty, and probably the expense, of securing pipe, but the difficulty so created stands in no other or different category than if created by any other cause or unforeseen contingency, such as scarcity of labor, strikes, increased taxation or demands in excess of the supply. The controlling consideration is that neither the acquisition nor the use of the pipe for the purpose of fulfilling the obligation assumed by the defendant was forbidden or rendered illegal by any act of " the law." Official action increased the difficulty of performance but imposed thereon no taint of illegality, and I am of the opinion that none of the cases hold that performance is excused by such a situation as is disclosed in this case. On the contrary, it has been held that increased difficulty and expense of performance, occasioned by a law enacted after the execution of a contract, never excuses performance. *Baker* v. *Johnson,* 42 N. Y. 126, 131.

Whether or not an application for a priority order, if made, would have been granted or refused, or whether or not the rules and regulations at any particular time did or did not specifically provide for a priority order in such a case as this, are considerations beside the question. The important fact is that the power to grant such an order was at all times in the priorities board or the war industries board. Such action was not prohibited nor rendered illegal. If, in the exercise of a wise precaution, the defendant had previously acquired a surplus supply of pipe, the use thereof was never prohibited nor rendered illegal. Neither was the acquisition of pipe from private sources ever prohibited nor declared illegal. The performance of the requirements of the franchise was, therefore, never rendered impossible by any act of " the law " within the meaning of the exception to the general rule.

The most that can be said is that the defendant was confronted by unforeseen contingencies against which it might have provided in the contract. Not having done so, it is liable because performance, while possibly rendered more difficult and expensive by the unforeseen contingency, has not been rendered physically impossible, nor forbidden or characterized as illegal by any act of " the law." *Mawhinney* v. *Millbrook Woolen Mills,* 105 Misc. Rep. 99.

In my opinion the remaining separate defenses have not been sustained by the defendant, and I therefore find that the plaintiff, upon the whole case, is entitled to judgment against the defendant for the full amount claimed, with interest and costs.

Judgment accordingly.