Town of North Hempstead, Respondent, *v.* Public Service Corporation of Long Island, Appellant. (Action No. 5.)

Second Department, February 10, 1922.

Gas and electricity — franchises — judgment against defendant for liquidated damages provided for in franchise in case of failure to extend gas mains affirmed — amount specified in franchise liquidated damages and not penalty — plaintiff not limited to one recovery in one year nor to one recovery if more than one failure in same place.

Where the conditions of defendant's franchise required it, within three months after service of written notice, to extend its gas mains, etc., in any highway within the town designated in the notice and to pay the sum of $1,000 liquidated damages for each failure to comply with the notice, the trial court correctly directed judgment against the defendant for $1,000 for each of three such failures where there was no dispute as to the material facts.

Upon principle and the authority of a former decision of this court, the $1,000 payment was intended as liquidated damages and not as a penalty.

Plaintiff was not limited to one recovery in one year, and so a former recovery for failure by the defendant to extend its mains in a certain street did not bar an action for a subsequent failure in the same place.

Section 62 of the Transportation Corporations Law, or subdivisions 1 and 2 of section 66 of the Public Service Commissions Law, do not limit the effect of the provisions of defendant's franchise.

Appeal by the defendant, Public Service Corporation of Long Island, from a judgment of the Supreme Court in favor of the

Town of North Hempstead *v.* P. S. Corp. No. 5. **45**

App. Div. 44]          Second Department, February, 1922.

plaintiff, entered in the office of the clerk of the county of Nassau on the 6th day of June, 1921, upon the decision of the court rendered after a trial at the Nassau Trial Term, a jury having been waived.

*J. Edward Murphy*, for the appellant.

*James L. Dowsey*, for the respondent.

Young, J.:

The action is brought to recover liquidated damages for a violation by defendant of certain conditions of its franchise in failing to extend its gas mains in certain highways in the town. These conditions in substance required the defendant within three months after service of written notice to extend its mains, etc., in any highway within the town designated in the notice, but that it should not be required to lay more than three miles of pipe during any one year, except under certain circumstances not material here, and upon its failure to comply with this condition, to pay for each failure or neglect the sum of $1,000 liquidated damages.

The material facts are not disputed, and the trial court directed judgment for the plaintiff upon three of the four causes of action and dismissed the other.

In my opinion this $1,000 payment was not intended as a penalty, but as liquidated damages. The purpose of the franchise was to secure lighting facilities to the inhabitants of the town, and thus promote its growth, improve property and add to its taxable value. Appellant's failure to observe these conditions would necessarily result in damages, the precise amount of which could not readily be ascertained, and I do not think the sum provided as liquidated damages was out of proportion to the damage sustained. (*Ward* v. *H. R. B. Co.*, 125 N. Y. 230.)

But this question is no longer open. In a former action between these parties, tried before Mr. Justice Aspinall, plaintiff recovered damages for a breach of this same condition. (107 Misc. Rep. 19; affd., 192 App. Div. 924.) The question considered in the opinion in that case was the defendant's claim to be relieved of performance because of its inability to secure material arising from war conditions, but the question now under discussion was necessarily involved. It was pleaded in the answer, and argued in the briefs, and we are concluded by that judgment.

There is no merit in appellant's contention that plaintiff was limited to one recovery in one year for laying not more than three miles of pipe. The provisions of the franchise are plain. They require the payment of $1,000 for " each such failure " to extend pipes, etc.

Appellant's contention that the first cause of action is barred

by the judgment in action No. 1 is equally without merit.   Plaintiff's recovery in that action for appellant's failure to extend mains in Bayview avenue does not  preclude its recovery for a like failure to comply with a subsequent notice to extend mains in the same place.   Payment of damages resulting from the former breach cannot purchase immunity to the appellant for a future breach, even though relating to the same locality.

I am unable to see how section 62 of the Transportation Corporations Law, or subdivisions 1 and 2 of section 66 of the Public Service Commissions Law  in any way limit the effect of the provisions of this franchise under consideration.   Section 62 of the Transportation Corporations Law relates entirely to the obligation of a lighting corporation to furnish light to owners and occupants of buildings, and provides penalties for its refusal so to do.   It has no application to the extension of mains or pipes in highways in a town.

The provisions of the Public Service Commissions Law referred to give the Commission general supervision of these corporations and " power to order reasonable improvements and extensions of the works," etc.   This law was, of course, in effect at the time the franchise in question was granted, but in my opinion it did not give to the Public Service Commission the entire control of these public utilities, nor the exclusive power to require extensions. These provisions do not conflict with nor render unreasonable the condition in the franchise under consideration.

The decision of the Court of Appeals in the action between these parties relating to appellant's right to increase its rates (231 N. Y. 447) is not an authority for appellant's contention.   The decision involved simply appellant's right to increase its rates on compliance with the provisions of subdivision 12 of section 66 of the Public Service Commissions Law.   It did not involve the construction of the general power of the Commission provided in subdivisions 1 and 2 of the same section, nor did it determine that the general power of the Commission to order reasonable improvements and extensions authorized it to abrogate provisions of a franchise and deprived the municipal authorities of the right thereunder to require such extensions.

The judgment appealed from should be affirmed, with costs.

Present — BLACKMAR, P. J., JAYCOX, MANNING, KELBY and YOUNG, JJ.

Judgment unanimously affirmed, with costs.